# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**GEORGE ALLEN JOHNSON,**<br><br>　　　　**Defendant.** | **CASE NO. 5:91-CR-14 (HL)** |

## ORDER

This case is before the Court on George Allen Johnson's Motion for Reconsideration (Doc. 50).

On January 12, 2010, the Court entered an order denying Johnson's motion to compel the government with regard to his plea agreement, which Johnson contends the government breached. In his Motion for Reconsideration, Johnson argues that the plea agreement was breached because the government did not make a verbal recommendation of a twenty-year sentence at sentencing, and because information about other crimes he committed was used against him in determining his applicable sentencing guideline range.

The Court rejects Johnson's argument regarding the failure of the government to make a verbal recommendation at sentencing. There is no evidence whatsoever that the lack of a verbal recommendation from the government influenced Judge Owens. The government's recommendation was contained in the plea agreement, which was in the record. Judge Owens actually read from the plea agreement

during Johnson's sentencing hearing, where he specifically told Johnson that "the Court will have to abide by what you agreed to which is that is a non-binding recommendation, Mr. Johnson. That's exactly what it means." (Doc. 1-5, p. 9). The Court has no reason to believe that a verbalization of the recommendation by the government would have had any effect on the sentence. Further, there is nothing in the plea agreement that required the government to allocute in favor of its recommendation at sentencing. The Court finds that the government met its obligation under the plea agreement as to the sentencing recommendation.

As for the self-incrimination and sentencing issues, Johnson's plea agreement states that "in accordance with § 1B1.8(a) of the Sentencing Guidelines, if the defendant cooperates with the Government concerning the unlawful activities of himself, . . . such information shall not be used against the defendant in determining his applicable sentencing guideline range." (Doc. 1-3, p. 6). Johnson argues that he "fully debriefed and confessed to the Government that he had committed these other bank robberies in Florida, and that he had been on a crime spree since his release," (Doc. 50, p. 5), and that Judge Owens could not use that information against him under the plea agreement.

During the sentencing hearing, Judge Owens and Johnson discussed the Presentence Investigation Report, which contained information about three bank robberies in Florida. The Court and Johnson had the following conversation:

> The Court: You're saying the banks were not robbed?
>
> Defendant Johnson: Not by me.
>
> The Court: Not by you. Well, the Probation Office reports that the information came from you, that you stated that you were on a crime spree ever since you were released from prison on November 6th of 1990 and confessed to the authorities to having committed three other bank robberies in Florida.
>
> Defendant Johnson: I never talked with the Probation Officer, sir.
>
> The Court: They say you confessed to the authorities, to the investigating agents. You're saying you did not do that?
>
> Defendant Johnson: Yes, sir, to a certain extent but not to that degree right there. It's like - -
>
> \*\*\*
>
> The Court: Did you tell the authorities you did three banks or not?
>
> Defendant Johnson: No, sir.

(Doc. 1-5, pp. 10-11).

The FBI agent who apprehended Johnson, and to whom Johnson confessed the other robberies, had to be called as a witness to testify as to Johnson's confession about the three Florida banks.[1]

---

[1] In its previous order, the Court incorrectly stated that Johnson confessed his previous criminal activities to a probation officer. Johnson made his confession to an FBI agent, and that information was used by the probation office in the Presentence Investigation Report.

3

On the record before the Court, Johnson was never promised that his statements to investigators or other law enforcement personnel made prior to entering into his plea agreement would not be used against him. Further, the record does not support a contention that the information furnished by Johnson to the FBI agent concerning the other bank robberies was provided pursuant to the plea agreement. Instead, it appears that he made this confession voluntarily after arrest, before any plea agreement was contemplated. Accordingly, Johnson is not entitled to re-sentencing on this ground either.

Johnson's Motion for Reconsideration (Doc. 50) is denied.

**SO ORDERED**, this the 2nd day of February, 2010.

> *s/ Hugh Lawson*
> **HUGH LAWSON**
> **UNITED STATES SENIOR JUDGE**

mbh